IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LINDA A. SETLECH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 23-cv-3085 |
| ALEXI GIANNOULIAS, | ) ) ) |
| Defendant. | ) ) |

## OPINION

This matter is before the Court on Defendant Alexi Giannoulias's, in his capacity as Illinois Secretary of State, ("Defendant") Motion to Dismiss (d/e 11). For the foregoing reasons, the Motion (d/e 11) is GRANTED. Plaintiff's Complaint (d/e 1) is DISMISSED WITH PREJUDICE in its entirety for failure to state a claim.

### I.    BACKGROUND

On March 24, 2023, Plaintiff Linda A. Setlech ("Plaintiff") filed a pro se Complaint against Defendant Alexi Giannoulias,[1] in his official capacity as Illinois Secretary of State ("Defendant"). Plaintiff

---

[1] Plaintiff identifies Defendant as "Alex Giannaoulias" in her Complaint (d/e 1). The Court adopts the correct spelling "Alexi Giannoulias."

alleges civil rights violations of her Fourteenth Amendment right to equal protection and due process. d/e 1, p. 3.

On June 30, 2023, Defendant moved to dismiss all Counts for lack of federal question subject matter jurisdiction pursuant to Rule 12(b)(1), as well as for failure to plausibly state a claim for relief upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (d/e 11). On July 11, 2023, Plaintiff filed her Response (d/e 15).

## II.   LEGAL STANDARD

Defendant has moved to dismiss Plaintiff's pro se Complaint under both Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). "When a motion to dismiss is based on a lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b)(6) defenses, the court should consider the Rule 12(b)(1) challenge first." Rizzi v. Calumet City, 11 F. Supp. 2d 994, 995 (N.D. Ill. 1998) (citing Bell v. Hood, 327 U.S. 678, 682 (1946)).

If the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction, the accompanying Rule 12(b)(6) defenses become moot and need not be addressed.  Id.

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor.  Alicea-Hernandez v. Catholic Bishop of Chi., 320 F.3d 698, 701 (7th Cir. 2003).  The plaintiff bears the burden of proving the jurisdictional requirements have been met. Ctr. For Dermatology & Skin Cancer Ltd. v. Burwell, 770 F.3d 586, 588 (7th Cir. 2014).  "The court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."  Alicea-Hernandez, 320 F.3d at 701.

On the other hand, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007).  A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief" that puts the defendant on

notice of the allegations.  Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002) (quoting Fed. R. Civ. P. 8(a)(2)).  The court accepts all well-pleaded facts alleged and draws all possible inferences in the plaintiff's favor.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

The complaint must put forth plausible grounds to demonstrate a claim for relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plausible claim is one from which the court is able to draw reasonable inferences that the defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).  Additionally, the complaint must raise a reasonable expectation that discovery will reveal evidence of liability.  Id. at 663; Twombly, 550 U.S. at 545.  A complaint merely reciting a cause of action or conclusory legal statements without support is insufficient.  Iqbal, 556 U.S. at 663.

### III.  FACTS

The following facts are alleged in Plaintiff Setlech's Complaint (d/e 1) and are accepted as true at the motion to dismiss stage. Bible v. United Student Aid Funds, Inc., 799 F.3d 633, 639 (7th Cir. 2015).

On June 14, 1960, a jury entered a verdict for the Plaintiff, identifying Donald Best as her child's father.  d/e 1, p. 7; Ex. A, C.  The following day, on June 15, 1960, the presiding judge of that trial passed away.  d/e 1, p. 7; Ex. D.  Plaintiff alleges that Defendant failed to "perform [his] fiduciary duty" when he failed to "reappoint a jurist who was ready, willing and able to wholly conclude Plaintiff's paternity proceeding with the issuance of Directed Bench Orders of Paternity and Child Support[.]"  d/e 1, p. 7.  As a result, Plaintiff alleges, an incorrect Birth Certificate as a Vital Record was filed, "falsely claiming the identity of Father is 'Legally Omitted,' making null and void the jury's guilty verdict which Legally Admitted the Father's identity[.]"  d/e 1, pp. 7–8.  Furthermore, Plaintiff alleges that the failure to enter a Direct Bench Order of Child Support resulted in a June 2, 1966 order denying child support for Plaintiff.  d/e 1, p. 8; Ex. E.  Plaintiff alleges that the June 2, 1966 order was "deficient" because the judge knew or should have known that, within two years, the child's father would receive his doctoral degree and that his wages and earnings were reasonably expected to increase.  d/e 1, p. 8.  Plaintiff further alleges that the June 2, 1966 order deprived

Plaintiff of substantive child support, lasting until her child reached eighteen years old.  Id.  Instead, Plaintiff received child support of $10.00 per week.  d/e 1, p. 8; Ex. G.

### IV.  ANALYSIS

Defendant argues that Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction due to sovereign immunity under the Eleventh Amendment and because Defendant is not the proper party to this suit.  d/e 11, pp. 3–4.

The Eleventh Amendment provides, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  U.S. Const. amend. XI.  In other words, the Eleventh Amendment limits an action in federal court against a state, its agencies, or its officials in their official capacity.  MCI Telecomms. Corp. v. Ill. Bell Tel. Co., 222 F.3d 323, 336 (7th Cir. 2000).  Relevant here, the immunity "bars federal jurisdiction over suits against state officials acting in their official capacities when the state is the real party in interest."  MCI Telecomms., 222 F.3d at

337. However, the immunity is not absolute: a state may waive its immunity, Congress may exercise its power under the Fourteenth Amendment and authorize private suits against unconsenting states, and the Ex Parte Young doctrine allows private parties to sue individual state officials for prospective relief to enjoin ongoing violations of federal law.  Id.

The Court finds that the Eleventh Amendment applies here without any exception.  In liberally construing Plaintiff's Complaint, as the Court must do, Plaintiff alleges that Defendant, in his official capacity as Illinois Secretary of State, failed to reappoint a juror in her paternity case and failed to identify Donald Best as her child's father.  See Erickson, 551 U.S. at 94.  Plaintiff seeks the identification of Donald Best on her child's birth certificate, as well as money damages of $175,000.  d/e 1, p. 10.

As Defendant, in his official capacity as Illinois Secretary of State, has not consented to this lawsuit, he is afforded sovereign immunity from Plaintiff's lawsuit, barring monetary relief in this case.  Moreover, even if the Court liberally construes Plaintiff's claim as a Section 1983 claim for the prospective equitable relief of changing her child's birth certificate, the Ex Parte Young exception

does not apply because Plaintiff does not allege a legitimate, ongoing violation of federal law by Defendant. Plaintiff argues that Defendant's failure to identify Donald Best as the father on her child's birth certificate is in violation of the Equal Protection Clause of the Fourteenth Amendment, because it "imposes an inferior status of birth by postulating the child is separate and inherently inequal[.]" d/e 15, p. 11. Illegitimacy is a quasi-suspect class under the Equal Protection Clause, and is subject to intermediate scrutiny. E.g., Trimble v. Gordon, 430 U.S. 762, 766–67 (1977); Weber v. Aetna Casualty & Surety Co., 406 U.S. 164, 175–76 (1972). Classification based on illegitimacy is required to bear a rational relationship to a legitimate state purpose. Trimble, 430 U.S. at 767 ((holding that classifications based on legitimacy were not inherently suspect but that "[i]n a case like this, the Equal Protection Clause requires more than the mere incantation of a proper state purpose").

  The Court finds that no Equal Protection violation is alleged here. Plaintiff has not alleged a statute that imposes differing burdens or awards differing benefits to legitimate and illegitimate children. Plaintiff bears the burden of proving that subject matter

jurisdiction exists, and Plaintiff has not argued that any exception to sovereign immunity applies here.

Moreover, the Secretary of State is not the proper party to this litigation. Under the Illinois Parentage Act, the circuit courts are "authorized to establish parentage," and the Department of Healthcare and Family Services "may make administrative determinations of paternity and nonpaternity in accordance with Section 10-17.7 of the Illinois Public Aid Code." 750 ILCS 46/105. Furthermore, under the Illinois Vital Records Act, the installation, maintenance, and operation of the system of vital records, including records of births, throughout Illinois is overseen by the Office of Vital Records, which is established within the Department of Public Health. 410 ILCS 535/2. The Secretary of State Act details the duties of the Secretary of State, not the duty to maintain and update birth certificates or enforcing paternity suits. 15 ILCS 305/5. As a result, the Secretary of State is an improper party to the instant action. Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims against Alexi Giannoulias, in his official capacity as Illinois Secretary of State.

Although the Court has the discretion to permit Plaintiff to file an amended complaint, but here, the Court finds that any amendment to the claim raised in Plaintiff's pleading would be futile. Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1025 (7th Cir. 2013); see also Gonzalez-Koeneke v. West, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.' ") (quoting Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008)). Furthermore, because the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction, the Rule 12(b)(6) defenses are moot and need not be addressed. Rizzi, 11 F. Supp. 2d at 995. Accordingly, Plaintiff's Complaint (d/e 1) fails to state a claim and is dismissed with prejudice.

## V.   CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (d/e 11) is GRANTED. Plaintiff's Complaint (d/e 1) is DISMISSED WITH PREJUDICE in its entirety for lack of subject matter jurisdiction. Because amendment would be futile, leave to file an

amended complaint is not granted. The Clerk is DIRECTED to change the case name to identify Defendant "Alex Giannaoulias" as Defendant "Alexi Giannoulias." The Clerk is DIRECTED to close this case and enter judgment. All pending motions are DENIED AS MOOT.

**ENTERED:  December 7, 2023.**

**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**